IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GLENN ROBINSON,<br>      Plaintiff,<br><br>   v.<br><br>JOHN DOE, ET AL.;<br>      Defendant. | Civil Action No. 04-785<br>Judge Joy Flowers Conti<br>Magistrate Judge Lenihan |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Complaint in the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

II. REPORT

Ronald Glenn Robinson commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983). Named as Defendants are John Doe nos. 1 through 4 and Jane Doe nos 1 & 2. In his Complaint, Plaintiff alleges that Defendants violated his civil rights during a strip search conducted on May 19, 2002 after he was arrested and processed into the Allegheny County Jail.

A. Relevant Procedural History

On June 16, 2004, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis, ordered the Clerk of Court to file his Complaint (doc. no. 3) and ordered Plaintiff to authorize payment

1

of the initial filing fee in the amount of $12.00 together with subsequent monthly installments, by returning a copy of the signed Authorization form (doc. no. 2). On June 28, 2004, Plaintiff signed the Authorization form (doc. no. 6). Since that time, Plaintiff has made no effort to prosecute this action: no service has been effectuated and no request for an extension of time has been filed.

On February 1, 2005, this Court ordered Plaintiff to provide the full names for each Defendant no later than February 22, 2005 so service could be made. The Order advised Plaintiff that Plaintiff to comply would result in dismissal of his action for failure to prosecute (doc. no. 7). To date, Plaintiff has failed to respond to this Court's Order dated February 1, 2005 and has failed to do anything to actively prosecute his action.

B. Plaintiff's Failure to Prosecute

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding *pro se* in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff

personally is responsible for the failure to prosecute this action including the failure respond to this Court's deadline to file a response to its May 20, 2005 Order. With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the Defendants other than general delay. With respect to the third factor, Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time. Thus, he has shown dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Finally, under the sixth factor, it does not appear that Plaintiff's claim is regarding his processing at the ACJ is meritorious.

### III. CONCLUSION

The analysis of the factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are

- 4 -

allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　LISA PUPO LENIHAN
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated:   July 27, 2005

cc:  The Honorable Joy Conti Flowers
     United States District Judge

     Ronald Glenn Robinson, AP-7260
     SCI-Camp Hill
     P.O. Box 200
     Camp Hill, PA 17001